# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

————————————

## UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

## ROBERT SMITH, JR.,
*Defendant/Appellant*.

————————————

**On Appeal From the United States District Court
for the Eastern District of Virginia
Alexandria Division (The Hon. Claude M. Hilton)**

————————————

## BRIEF OF THE APPELLANT

————————————

**GEREMY C. KAMENS
Federal Public Defender**

**Frances H. Pratt
Valencia D. Roberts
Assistant Federal Public Defenders
Counsel for Appellant
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
Fran_Pratt@fd.org
Valencia_Roberts@fd.org**

# TABLE OF CONTENTS

Table of Authorities ................................................................................. ii

Introduction ..........................................................................................1

Statement of Jurisdiction...........................................................................2

Statement of the Issues.............................................................................2

Statement of the Case...............................................................................3

     A.    The Charges Against Mr. Smith, Pretrial Proceedings, and the Plea Colloquy ....................................................................3

     B.    Mr. Smith's Motion to Withdraw His Guilty Plea, the Evidentiary Hearing, and Sentencing...................................................7

Summary of Argument.............................................................................12

Standards of Review ...............................................................................13

Argument..............................................................................................14

I.    The District Court Committed Significant Rule 11 Error That Harmed Mr. Smith...........................................................................14

II.    The District Court Abused Its Discretion in Denying Mr. Smith's Motion to Withdraw His Guilty Plea.............................................22

Conclusion ...........................................................................................26

Statement Regarding Oral Argument ........................................................27

Certificate of Compliance

# TABLE OF AUTHORITIES

## Cases

*Henderson v. United States*, 568 U.S. 266 (2013) ................................................... 13

*Jackson v. Denno*, 378 U.S. 368 (1964) ................................................... 14

*Lafler v. Cooper*, 132 S. Ct. 1376 (2012) ................................................... 20

*McCarthy v. United States*, 394 U.S. 459 (1969) ....................................... 14, 15, 17

*Missouri v. Frye*, 132 S. Ct. 1399 (2012) ................................................... 20

*United States v. Allen*, No. 3:23-cr-121-MHL (E.D. Va.) ................................. 21, 22

*United States v. Bowman*, 348 F.3d 408 (4th Cir. 2003) ....................................... 23

*United States v. Coleman*, No. 3:22-cr-087-DJN (E.D. Va.) ............................. 21, 22

*United States v. Coles*, No. 3:23-cr-115-JAG (E.D. Va.) ................................. 21, 22

*United States v. DeFreitas*, 865 F.2d 80 (4th Cir. 1989) ....................................... 23

*United States v. Finney*, No. 2:23-cr-013-JKW (E.D. Va.) .............................. 21, 22

*United States v. Fowler*, No. 1:23-cr-165-LMB (E.D. Va) .............................. 21, 22

*United States v. Gordon*, No. 1:21-cr-276-MSN (E.D. Va.) ................................. 21

*United States v. Henry*, 673 F.3d 285 (4th Cir. 2012) ........................................... 14

*United States v. Kearney*, No. 1:24-cr-004-PTG (E.D. Va.) ................................. 21

*United States v. Lane*, No. 4:23-cr-050-EWH (E.D. Va.) ....................................... 21

*United States v. Lemus Villalobos*, No. 1:21-cr-080-AJT (E.D. Va.) .................... 21

*United States v. Marrow*, No. 3:23-cr-105-RCY (E.D. Va.) ............................. 21, 22

*United States v. Martin*, No. 3:23-cr-96-REP (E.D. Va.) ....................................... 21

*United States v. Miltier*, No. 2:19-cr-078-RBS (E.D. Va.)......................................21

*United States v. Moore*, 931 F.2d 245 (4th Cir. 1991) ......................................22, 23

*United States v. Nicholson*, 676 F.3d 376 (4th Cir. 2012)......................................17

*United States v. Sparks*, 67 F.3d 1145 (4th Cir. 1995) ...........................................23

*United States v. Straus*, No. 2:20-cr-037-RAJ (E.D. Va.)......................................21

*United States v. Ubakanma*, 215 F.3d 421 (4th Cir. 2000) ...............................14, 23

*United States v. Vonn*, 535 U.S. 55 (2002) .............................................................13

*United States v. Walker*, No. 3:20-cr-131-HEH (E.D. Va.)....................................21

*United States v. Wilson*, 81 F.3d 1300 (4th Cir. 1996)...............................15, 17, 23

<u>Statutes and Rules</u>

18 U.S.C. § 924 ........................................................................................................19

18 U.S.C. § 3231 .........................................................................................................2

18 U.S.C. § 3553 ..................................................................................................18, 22

28 U.S.C. § 1291 .........................................................................................................2

Fed. R. App. P. 4 .........................................................................................................2

Fed. R. Crim. P. 11 (Rule 11) .............................................................................*passim*

Fed. R. Crim. P. 52 ...................................................................................................13

<u>Other Authorities</u>

Federal Judicial Center, *Benchbook for U.S. District Court Judges* (6th ed. Mar. 2013)...............................................................................................17, 18

No. 24-4231

———————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH COURT

———————————

UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

ROBERT SMITH, JR.,
*Defendant/Appellant.*

———————————

On Appeal From the United States District Court
for the Eastern District of Virginia
Alexandria Division (The Hon. Claude M. Hilton)

———————————

BRIEF OF THE APPELLANT

———————————

## **INTRODUCTION**

Facing numerous counts of making false statements on firearms transaction records when purchasing guns in Virginia, Robert Smith hired an attorney to represent him. Only after that attorney failed to review discovery with him and misled him into accepting a plea offer just three days before trial did Mr. Smith pled guilty. During the plea colloquy, however, the district court failed to advise Mr. Smith or question him about several important matters. Between his lawyer's and the court's failings, Mr. Smith did not enter a knowing and voluntary guilty plea.

1

As Mr. Smith grew more frustrated with the attorney after the plea and started to talk with other lawyers about taking his case, he learned both that his attorney had been facing disbarment proceedings shortly before his plea and that the statement of facts filed in support of the plea was not the statement of facts that he had signed. Mr. Smith dismissed that attorney and asked the district court to appoint new counsel, as he could no longer afford to retain another lawyer after paying the original one. With the competent assistance of his new attorney, Mr. Smith sought to withdraw his guilty plea, but the district court denied his motion. Mr. Smith now appeals.

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. That court entered the order of judgment and conviction on April 15, 2024. J.A. 356. Mr. Smith filed his notice of appeal on April 25, 2024. J.A. 362; *see* Fed. R. App. P. 4(b)(1), (b)(6). Therefore, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

I.     Did the district court commit significant Rule 11 error that harmed Mr. Smith?

II.     Alternatively, did the district court abuse its discretion when it denied Mr. Smith's motion to withdraw his guilty plea?

## STATEMENT OF THE CASE

A.    The Charges Against Mr. Smith, Pretrial Proceedings, and the Plea Colloquy

1.    Robert Smith was arrested in mid-April 2023 on a criminal complaint filed in the Eastern District of Virginia that alleged that he made false statements with respect to the purchase of firearms.  J.A. 2.  At his initial appearance on April 18, Mr. Smith indicated to the magistrate judge that he intended to retain counsel. J.A. 2.  At the preliminary hearing on April 25, he appeared with retained counsel, attorney Bruce Johnson.  J.A. 3.

Two and a half weeks later, on May 11, 2023, a federal grand jury in Alexandria charged Mr. Smith with 24 counts of making false statements on federal firearms transaction records when purchasing firearms from federally licensed firearms dealers.  *See* J.A. 25-29.  According to the indictment, between August 2020 and December 2021, Mr. Smith "knowingly" made false statements when "he provided a false current residence address," either 1340 or 1350 South Rolfe Street, in Arlington, Virginia, "when he knew, in truth and in fact, that he did not reside at the address provided and was a resident of Maryland."  J.A. 25-27.

The arraignment was set for May 19.  J.A. 3.  Following two continuances requested by Mr. Smith's counsel, the court conducted the arraignment on June 2, 2023.  J.A. 3.  At the arraignment, the court gave 20 days to file motions (so to June 22) and scheduled a motions hearing for July 14 and trial for July 26.  J.A. 3-4.

Defense counsel did not file any motions as of June 22; however, on June 26, counsel filed a document purporting to withdraw motions scheduled for July 14 without prejudice. J.A. 30.

On July 20, six days before trial, defense counsel filed a motion seeking a continuance "due to onslaught of recent discovery," which the government immediately opposed. *See* J.A. 31-32 (motion); J.A. 33-36 (opposition). The court denied the motion the next day, on Friday, July 21. J.A. 38. On Monday, July 24, the court scheduled a change-of-plea hearing for Tuesday, July 25. J.A. 4.

2.      At the hearing, the court placed Mr. Smith under oath and advised him that if he gave any false answers to the court's questions, he could be prosecuted for perjury. J.A. 41. The court then ascertained Mr. Smith's age and education level, but did not inquire about whether he had any sort of health issues, medication issues, or substance abuse issues that could interfere with his ability to understand the proceedings. *See* J.A. 41-42. Similarly, the court did not ask counsel whether he was aware of any such issues. Nor did the court advise Mr. Smith that at any point up until the court accepted the plea, he could change his mind, but that after the plea was accepted, he could not withdraw his plea except under limited circumstances.

The court then turned to the plea agreement. All that the court asked Mr. Smith about the agreement was whether he had reviewed it and whether it contained the full understanding he had reached with the government. J.A. 42. The court did

not review any of the fourteen sections of the agreement with Mr. Smith.  *See* J.A. 50-59.  In particular, the court did not ask about the appeal waiver contained in the agreement, as required by Rule 11.  *See* J.A. 42; J.A. 52-53; Fed. R. Crim. P. 11(b)(1)(N).  Nor did the court ask Mr. Smith whether he had reviewed the agreement with counsel and been able to ask counsel any questions that he had about the agreement.  Similarly, the court did not question counsel about whether he had gone over the agreement with Mr. Smith and answered his questions about it.  Finally, the court did not inquire of either the government or defense counsel whether plea offers had been extended and communicated to Mr. Smith before the offer resulting in the plea agreement.

Following the two questions it asked about the plea agreement, the court asked Mr. Smith if he had received a copy of the indictment and reviewed it with counsel. J.A. 42.  The court briefly explained the elements of the charge.  J.A. 42.

Next, the court asked Mr. Smith whether he felt he had enough time to consult with counsel "to fully understand the case" and whether he was satisfied with counsel's representation.  J.A. 43.  Mr. Smith answered "yes" to each question.

After reviewing the statutory penalties for the offense, the court asked Mr. Smith two unrelated questions in quick succession: "And you understand that any sentence that may be imposed will be affected by the Sentencing Guidelines?  That if you violate any of the terms and conditions of your supervised release, you would

have to serve that period of time?" J.A. 43. The court explained nothing to Mr. Smith about what it would be required to consider when determining what sentence to impose on him.

The court turned next to summarizing to the constitutional rights that Mr. Smith waived by pleading guilty, then asked whether anyone had made any promise or threat to induce his guilty plea. J.A. 43-44.

With regard to the written statement of facts, the court asked Mr. Smith if he had reviewed it and if he disagreed with anything in it. J.A. 44-45. When Mr. Smith hesitated in answering, counsel jumped in: "Your Honor, if I can interject why he's struggling. He doesn't remember the number of guns. That was the only issue. The government has placed 59 in there, so that's his only issue. I don't think he's challenging that number. He just doesn't know the exact number." J.A. 45. When asked if that was correct, Mr. Smith answered simply "yes." J.A. 45. But when asked if "what this statement says happened in fact [is] what did happen," Mr. Smith asked the court to repeat the question. He did not answer until counsel spoke with him, and then responded "yes." J.A. 45.

Last, the court asked Mr. Smith, "Do you make any claim that you are innocent of the charge contained in this indictment?" Mr. Smith answered "yes," as he had to nearly every other query by the court. J.A. 46. Only after another pause for an attorney-client discussion did Mr. Smith answer "no." J.A. 46.

On the basis of this colloquy, the court determined that the plea was both voluntarily and intelligently entered and supported by a factual basis. The court found Mr. Smith guilty. J.A. 46.

The entire plea colloquy lasted less than ten minutes. *See* J.A. 41-46; J.A. 49.[1]

B.   Mr. Smith's Motion to Withdraw His Guilty Plea, the Eviden-
     tiary Hearing, and Sentencing

1.   Between the July 25 plea hearing and the sentencing scheduled for November 3, Mr. Smith could not reach his lawyer to discuss the upcoming sentencing. According to the letter that Mr. Smith wrote to the court dated October 30, 2023, "Mr. Johnson's communication since I took my plea deal has been nonexistent. He does not return my calls and I only hear from him when he wants to be paid." J.A. 64. Further, the lawyer's "behavior has been erratic. He has not been communicative during the pre-sentencing period. The sentencing memorandum was filed without me being made aware of it." J.A. 64.

Growing more and more concerned, Mr. Smith began to seek other counsel. One attorney informed Mr. Smith that his lawyer's license in the District of Columbia had been suspended. J.A. 64. (Indeed, only one week before Mr. Smith pleaded guilty, the D.C. Board on Professional Responsibility had recommended

_____

[1] Of the 10 or 11 minutes that the hearing took, two or so minutes were spent on setting a sentencing date and on a request to modify Mr. Smith's bond status. J.A. 41; J.A. 46-49; *see also* J.A. 5 (doc. 42, court minute document indicating that hearing lasted 10 minutes).

that his lawyer be disbarred.  *See* [Report and Recommendation No. 20-BD-020: In re Bruce A. Johnson, Jr.](#).  And on October 4, 2023, the D.C. Bar issued an interim order of suspension of the lawyer's license.  *See* [DC Bar - Disciplinary Case](#).)  And in consulting with a second potential replacement attorney the week before sentencing, Mr. Smith learned that the version of the statement of facts filed in support of his guilty plea was not the version that he had signed.  J.A. 72; *see* J.A. 88 (government's acknowledgment that statement of facts filed with court was not the statement of facts originally signed by Mr. Smith).

Following this discovery, Mr. Smith sought on his own to continue the sentencing hearing so that he could retain new counsel.  J.A. 64.  The court granted a two-week continuance, to November 17.  J.A. 75.  On November 17, the court appointed the Office of the Federal Public Defender to represent Mr. Smith.  J.A. 79.

At a status hearing on December 1, in her first appearance in the case, new counsel raised the possibility that in light of what may or may not have occurred in advance of Mr. Smith's guilty plea, she had requested all discovery from the government, and depending on what her review of it revealed, a motion to withdraw Mr. Smith's guilty plea might be forthcoming.  J.A. 83-84.

The court continued sentencing to January 26, 2024.  J.A. 84.  As that date approached, however, the parties jointly moved to continue the sentencing again, in light of Mr. Smith's contentions that he did not review and sign the version of the

statement of facts that was actually filed with the court and that his prior counsel did not review the plea agreement with him, or even provide him with a copy for his independent review, in advance of the sentencing.  *See* J.A. 88-89.  The court granted the joint request and continued the sentencing to March 1.  J.A. 98.

2.      On February 9, 2024, Mr. Smith's new counsel filed a motion to withdraw Mr. Smith's guilty plea, as she had forecast might happen.  J.A. 99-109; *see* J.A. 83-84.  The motion argued first that Mr. Smith's plea proceeding was fundamentally unfair, in that his plea was not knowingly and voluntarily entered due to prior counsel's failure to provide him with the information necessary to make an informed decision (e.g., discovery, the plea agreement, and the final version of the statement of facts).  *See* J.A. 101-105.  The motion also argued that Mr. Smith did not have the close assistance of competent counsel before pleading guilty.  *See* J.A. 105-109.

In its opposition, the government argued primarily that the "critical consideration" in ruling on a motion to withdraw a guilty plea is the Rule 11 colloquy.  J.A. 114-115.  In the government's view, the Rule 11 colloquy in this case so clearly established that Mr. Smith's guilty plea was knowingly and voluntarily made that the district court should deny the motion on that basis alone.  J.A. 116-117.  The government also contended that other factors relevant to the analysis also demonstrated that the court should deny the motion.  *See* J.A. 123-125.

In reply, defense counsel countered that Mr. Smith's affirmative answers at during the plea colloquy were not in fact knowingly or voluntarily given as prior counsel had specifically directed to answer "yes" to the court's questions only minutes before the colloquy started. J.A. 136-137. The reply also addressed, *inter alia*, the other factors relied by the government. *See* J.A. 141-143.

3.    The court conducted an evidentiary hearing in mid-April 2024. *See* J.A. 145-298. At the hearing, the court heard from four witnesses for the defense: a paralegal who had worked for prior counsel during the time of counsel's representation of Mr. Smith; Mr. Smith's sister and ex-wife, who had been present at the plea hearing, and Mr. Smith himself. The government did not present any witnesses of its own. Notably, the government did not call prior counsel to refute the testimony or declarations of the defense witnesses.

Following each counsel's argument, the court denied Mr. Smith's motion. The court began by stating, "Well, there is a strong presumption that the plea of guilty, once entered, should go forward without some strong showing that it should be set aside." J.A. 295. "And in order to set aside a plea," the court continued, "the defendant should show some or assert some evidence of his innocence or make some claim of his innocence or to show that his counsel was incompetent to show some prejudice to the other side." J.A. 296.

Recalling the plea colloquy, the court stated,

The defendant seemed to be very straightforward in his answer[s]. Had no hesitations until he came about something, do you make any claim that you're innocent, and then there was some discussion with his lawyer and there was an answer to that. But he indicated he looked at the Statement of Facts and entered the plea based on that Statement of Facts. He said he made no claim that he was innocent of the charges in this case. And after doing that, went to the probation officer and accepted responsibility for all of those things.

J.A. 296.

With respect to counsel's representation leading up to the plea colloquy, the court found "nothing here at all in terms of the evidence that would have said that the representation of counsel was defective in the case." J.A. 297. The court also concluded that the government would be prejudiced by a withdrawal of the plea. J.A. 297. Finally, the court concluded, "this defendant has never protested that he is innocent of these offenses that he's pled guilty to. He's admitted to it in a—in the Plea Agreement, and he's admitted to it in front of the probation officer. And the motion to withdraw the plea will be denied." J.A. 298; *see* J.A. 355 (written order).

4.     Immediately following its ruling on Mr. Smith's motion, the district court moved to sentencing. The court varied downward from the guideline range of 18-24 months, sentencing Mr. Smith to 14 months in prison, to be followed by two years of supervised release. J.A. 315-316. The court entered the written judgment on April 15, 2024, and Mr. Smith timely noted his appeal on April 25. J.A. 356; J.A. 362.

# SUMMARY OF ARGUMENT

I.     It is well-established that a criminal defendant's plea of guilt to the charges against him must be knowingly and voluntarily made. A plea is not knowingly and voluntarily entered, however, when the defendant does not have an understanding of the law of the offense in relation to the facts of his case. Likewise, a plea is not knowingly and voluntarily made where the defendant does not have an understanding of the constitutional trial rights he waives by pleading guilty. Further, a plea is not voluntarily entered if the defendant was forced or threatened into it. Thus, before a federal judge can accept a guilty plea, Rule 11 of the Federal Rules of Criminal Procedures requires the judge to personally inquire of the defendant, in open court, about his understanding of the nature of the offense and the rights he waives, and ensure that the defendant was not forced or threatened into pleading guilty.

The district court in Mr. Smith's case failed to fulfill its obligation to ensure that Mr. Smith entered a knowing and voluntary plea. More particularly, the court failed to conduct an adequate inquiry into Mr. Smith's competency to enter a guilty plea. The court also failed to advise Mr. Smith about two significant aspects of his case and the plea agreement: the sentencing process and the appeal waiver. Finally, the court failed to ensure that Mr. Smith had been informed of all plea offers, not just the one he accepted, and failed to review any part of the plea agreement with

him.  In light of these failings, the court committed Rule 11 error.  Because the court's failings harmed Mr. Smith, his conviction must be vacated.

II.     The district court abused its discretion when it denied Mr. Smith's motion to withdraw his guilty plea.  The critical consideration in ruling on such a motion is the adequacy of the plea colloquy, and in particular, whether the defendant knowingly and voluntarily pleaded guilty.  Other factors include the length of any delay between the entry of the plea and the motion to withdraw it, whether the defendant had the close assistance of competent counsel, and whether withdrawal will prejudice the government.  As argued above, the plea colloquy was inadequate in multiple ways. Those failings, especially when combined with the inadequate representation provided by Mr. Smith's prior counsel leading up to the plea colloquy, left Mr. Smith unable to enter a knowing and voluntary plea. Further, the amount of time that elapsed was not all that great, and the government would suffer little prejudice.  Accordingly, this Court should find that the district court abused its discretion in denying Mr. Smith's motion.

## STANDARDS OF REVIEW

I.     This Court reviews challenges to the adequacy of the Rule 11 colloquy for harmless error when the colloquy was challenged below.  *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard); Fed. R. Crim. P. 52.

II.     This Court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). "A district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." *United States v. Henry*, 673 F.3d 285, 291 (4th Cir. 2012).

## ARGUMENT

### I.     THE DISTRICT COURT COMMITTED SIGNIFICANT RULE 11 ERROR THAT HARMED MR. SMITH

1.      "[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). This is because "[a] plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction ...." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). As a form of confession, however, a guilty plea "must be based on a 'reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant.'" *Id.* (quoting *Jackson v. Denno*, 378 U.S. 368, 387 (1964)). Further, "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy*, 394 U.S. at 466. To these ends, this Court has explained that a core purpose of the guilty plea colloquy "is to guarantee that the defendant

14

understands the nature of the charges against him so that he can knowingly and voluntarily agree to plead guilty, rather than face the risk of a reasonable jury finding ….” *United States v. Wilson*, 81 F.3d 1300, 1309 (4th Cir. 1996).

In keeping with these constitutional principles, Rule 11 of the Federal Rules of Criminal Procedure requires that, in open court, a court must directly address a defendant who seeks to enter a guilty plea, to ensure that the defendant is making a knowing and voluntary decision to plead guilty.[1] More specifically, the court must determine that the defendant understands the following:

- the nature of the charge against him; any mandatory minimum sentence;
- the maximum possible sentence, including imprisonment, fine, and term of supervised release;
- the mandatory special assessment;
- the applicability of the United States Sentencing Guidelines and their advisory nature;
- his right to an attorney at all stages of the proceedings;
- his right to plead not guilty;
- his right to a jury trial with the assistance of counsel;
- his right to confront and cross-examine witnesses;
- his right to testify on his own behalf as well as his right against self-incrimination;
- any waiver provisions in a plea agreement;
- the court's authority to order restitution;
- any applicable forfeiture; and

---

[1] “[A]lthough the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary” and is further “intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination.” *McCarthy*, 394 U.S. at 465.

- the government's right to use any of his statements under oath in a perjury prosecution.

*See* Fed. R. Crim. P. 11(b)(1).

The court should also inform the defendant that he may withdraw his guilty for any or no reason before the court accepts the plea; only for a fair and just reason after the court accepts the plea but before it imposes sentence; and that he cannot withdraw his guilty plea after sentencing. Fed. R. Crim. P. 11(d), (e). Further, the court must "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Finally, the court must ensure the defendant's plea was not only knowing, but also voluntary and not the result of force, threats, or promises. Fed. R. Crim. P. 11(b)(2).

In Mr. Smith's case, the district court erred in multiple ways when conducting its plea colloquy. At the outset, the court failed to conduct an adequate inquiry into Mr. Smith's competency to enter a guilty plea. Next, the court failed to advise Mr. Smith about two significant aspects of his case and the plea agreement: the sentencing process and the appeal waiver. Finally, the court failed to ensure that Mr. Smith had been informed of all plea offers, not just the one he accepted, and failed to review any part of the plea agreement with him.

2.     Beginning with the competency inquiry, a court must determine not only that a person seeking to plead guilty does so voluntarily, i.e., without coercion, but also that the person does so knowingly and intelligently, i.e., that the person is

competent to plead guilty with a full understanding of the law applicable to his case and the consequences flowing from the guilty plea. *See McCarthy*, 394 U.S. at 466; *Wilson*, 81 F.3d at 1309. Thus, this Court has long recognized that "[b]efore a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea." *United States v. Nicholson*, 676 F.3d 376, 382 (4th Cir. 2012). While a court retains some flexibility in conducting a colloquy, "[w]hen a response in a plea colloquy 'raises questions about the defendant's state of mind, the court must broaden its inquiry to satisfy itself that the plea is being made knowingly and voluntarily.'" *Id.* To evaluate a defendant's present state of mind, however, a court must first ask questions of the defendant about it.

Here, the district court asked Mr. Smith only about his age and education level. It did not ask him any questions about any medications that he was taking or if he was under the influence of drugs or alcohol—two things that can obviously interfere with a person's ability to make informed decisions. Consequently, courts routinely ask two standard questions: "Have you been treated recently for any mental illness or addiction to narcotic drugs of any kind" and "Are you currently under the influence of any drug, medication, or alcoholic beverage of any kind?" Federal Judicial Center, *Benchbook for U.S. District Court Judges* § 2.01, at 64-65 (6th ed. Mar. 2013). The court failed to ask Mr. Smith these two fundamental questions.

3.     Turning next to the Rule 11 advisements in this case, the court violated the rule in two distinct ways that harmed Mr. Smith.   The most obvious error involves Rule 11(b)(1)(M), which requires specifically that "the court must inform the defendant of, and determine that the defendant understands … (M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)."   Courts typically ask a defendant whether they have talked about the Sentencing Guidelines and how they might apply to the defendant's case, whether he understands that the court cannot determine the advisory guideline range until after the presentence report has been completed and objections to it resolved, and whether the defendant understands that the court has the authority to impose a higher or lower sentence than that suggested by the Guidelines.   *See* Federal Judicial Center, *Benchbook for U.S. District Court Judges* § 2.01, at 69 (6th ed. Mar. 2013).

Here, however, the court made only a glancing reference to the sentencing process, asking Mr. Smith, "And you understand that any sentence that may be imposed will be affected by the Sentencing Guidelines?" J.A. 43.   The court did not explain to Mr. Smith anything about the Sentencing Guidelines and how they are calculated.   Further, the court did not ask counsel if he had done so.   In short, given

the outsized importance and role of sentencing in federal criminal cases, the court's coverage of sentencing with Mr. Smith was wholly inadequate and violated Rule 11.

Second, Rule 11(b)(1) also requires the court to advise a defendant about "(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Here, the court failed to advise Mr. Smith that by signing the plea agreement, he waived his right to appeal his sentence. *See* J.A. 52 (waiver in plea agreement). This failure constitutes another clear violation of Rule 11.

Moreover, the court's errors harmed Mr. Smith. At the evidentiary hearing on the motion to withdraw the guilty plea, the court learned that Mr. Smith had been told by his former counsel that the plea negotiations with the government resulted in a plea to a misdemeanor and a sentence of probation. J.A. 194; J.A. 195; J.A. 197; *see* J.A. 324. At least part of those representations was patently false, as a violation of the offense to which Mr. Smith pleaded guilty, 18 U.S.C. § 924(a)(1)(A), is a felony. Further, Mr. Smith received a sentence of 14 months, not probation. That harm was compounded by the court's failure to review the appeal waiver in the plea agreement with Mr. Smith, so that he understood that he could not appeal the sentence even if his counsel improperly advised him.

4. Other significant deficiencies in the plea colloquy also involve the plea agreement. First, the court did not ask either the government or Mr. Smith's former

counsel whether all plea offers had been conveyed to Mr. Smith. *See Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012) ("defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."); *Lafler v. Cooper*, 132 S. Ct. 1376, 1383-86 (2012) ("when inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome," defendant had claim for ineffective assistance of counsel).

And second, the court did not go over *any* part of the plea agreement with Mr. Smith. The court did not ask Mr. Smith if he had received a copy of the plea agreement, unlike its question about the indictment. *See* J.A. 42. The government stressed below that "[t]he plea agreement itself was standard, void of any complicated or special condition." J.A. 117; *see* J.A. 122-123 ("It is also important to emphasize that the plea agreement, signed by the defendant was simple, void of any special paragraphs or conditions, other than the forfeiture of two firearms"). In making that claim, however, the government ignored that Mr. Smith had practically no experience with the criminal justice system, much less experience with plea agreements in federal cases that are full of legalese and unfamiliar concepts. *See* J.A. 374-375. Thus, it became especially important for the court to ascertain that counsel had in fact reviewed the plea agreement with his client thoroughly, and for the court itself to have reviewed the agreement's provisions with Mr. Smith.

5.　To be sure, there is not one "right" way to conduct a plea colloquy, and district courts are not required to strictly adhere to a script before they accept a plea. But a district court still must provide enough information to comply with its Rule 11 obligations.  The district court's abbreviated colloquy with Mr. Smith in this case fails to meet that standard and is an outlier when compared to the plea colloquies conducted by other judges in the Eastern District of Virginia. *See, e.g.*, *United States v. Coles*, No. 3:23-cr-115-JAG, Doc. 51 (plea hearing conducted April 23, 2024); *United States v. Kearney*, No. 1:24-cr-004-PTG, Doc. 60 (plea hearing conducted March 5, 2024).[2]  Even though the other judges in the district do not strictly follow scripts, they conduct colloquies that are far more thorough than the colloquy conducted in this case.  In particular, in cases involving plea agreements, the judges typically review all significant provisions of an agreement with the defendant to

---

[2] *See also United States v. Fowler*, No. 1:23-cr-165-LMB, Doc. 53 (plea hearing conducted Feb. 2, 2024); *United States v. Allen*, No. 3:23-cr-121-MHL, Doc. 45 (same, Jan. 5, 2024); *United States v. Marrow*, No. 3:23-cr-105-RCY, Doc. 54 (same, Nov. 9, 2023); *United States v. Lane*, No. 4:23-cr-050-EWH, Doc. 73 (same, Oct. 30, 2023); *United States v. Coleman*, No. 3:22-cr-087-DJN, Doc. 54 (same, Oct. 24, 2023); *United States v. Martin*, Case. No. 3: 23-cr-96-REP, Doc. 46 (same, Oct. 5, 2023) (plea taken by magistrate judge); *United States v. Finney*, No. 2:23-cr-013-JKW, Doc. 57 (same, April 11, 2023); *United States v. Gordon*, No. 1:21-cr-276-MSN, Doc. 60 (same, Jan. 27, 2022); *United States v. Lemus Villalobos*, No. 1:21-cr-080-AJT, Doc. 47 (same, June 9, 2021); *United States v. Walker*, No. 3:20-cr-131-HEH, Doc. 43 (same, Jan. 15, 2021); *United States v. Straus*, No. 2:20-cr-037-RAJ, Doc. 56 (same, Sept. 30, 2020); *United States v. Miltier*, No. 2:19-cr-078-RBS, Doc. 43 (same, June 27, 2019) (plea taken by magistrate judge).

satisfy themselves that the defendant is aware of and understands those provisions. *E.g.*, *Fowler*, No. 1:23-cr-165, Doc. 53, at 8-17; *Marrow*, No. 3:23-cr-105, Doc. 54, at 13-16; *Coleman*, No. 3:22-cr-087, Doc. 54, at 18-21.  And the other judges spend considerable time explaining how the sentencing process works, including the court's obligation to consider both the applicable sentencing-guideline range and the § 3553(a) factors.  *See, e.g.*, *Coles*, No. 3:23-cr-115, Doc. 51, at 19-23; *Allen*, No. 3:23-cr-121, Doc. 45, at 13-15.  Further, the other judges routinely question defense counsel about their clients' competency to enter a guilty.  *See, e.g.*, *Fowler*, No. 1:23-cr-165, Doc. 53, at 27; *Allen*, No. 3:23-cr-121, Doc. 45, at 4, 13, 15-16; *Finney*, No. 2:23-cr-013, Doc. 57, at 19.

In short, the Court should find that the district court committed multiple clear errors in its conduct of the plea colloquy and that the errors harmed Mr. Smith.  The Court should in no way condone such a flawed proceeding.  Accordingly, the Court must vacate Mr. Smith's conviction and remand this case for further proceedings. In the alternative, the Court should find that the district court abused its discretion in denying Mr. Smith's motion to withdraw his guilty plea.

## II.  THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING MR. SMITH'S MOTION TO WITHDRAW HIS GUILTY PLEA

There exists no absolute right to withdraw a guilty plea after it has been accepted by the district court.  *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).  A defendant may withdraw a guilty plea prior to sentencing only if he

satisfies his burden of showing "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *Moore*, 931 F.2d at 248.

The critical consideration in ruling on a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted. *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003) (citing *United States v. Wilson*, 81 F.3d 1300, 1307 (4th Cir. 1996)). Other factors that courts routinely consider include

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Moore*, 931 F.2d at 248. The first, second, and fourth factors are generally the most significant in determining whether the defendant has satisfied his burden. *See United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995). In developing the fourth *Moore* factor, a defendant who "alleges ineffective counsel as the sole basis for a motion to withdraw his guilty plea, … must establish: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ubakanma*, 215 F.3d at 425 (citing *United States v. DeFreitas*, 865 F.2d 80, 82 (4th Cir. 1989)).

For the reasons that follow, the factors clearly favored Mr. Smith and the district court abused its discretion in concluding otherwise.

1.　To start, and as argued at some length in Section I, the plea colloquy was rife with significant Rule 11 errors, and we incorporate those arguments into Section II.　In light of those arguments, the district court was simply wrong to conclude that it had conducted an adequate colloquy.　*See* J.A. 296.

2.　Next, the court clearly erred in concluding that prior counsel performed competently.　*See* J.A. 296-297.　While that counsel may well have had his paralegal locate and speak with potential witnesses, that same counsel submitted jury instructions that relied on an incorrect understanding of its theory of defense.　*See* J.A. 35.

More critically, however, professional legal competence as a defense attorney requires effective communications with the client, so as to ensure that the client understands the government's evidence, the governing law, and how the evidence and the law fit together.　The government did not establish that in fact prior counsel had communicated in more than passing fashion with Mr. Smith, whether by calling the attorney to testify or at least submitting a declaration or affidavit from the attorney.　Further, the court failed to acknowledge the unrebutted declarations and testimony that prior counsel failed to prepare Mr. Smith for the plea colloquy,

instead appearing only minutes before the hearing and directing Mr. Smith to answer "yes" to every question put to him by the court. J.A. 189; J.A. 196; J.A. 234.

3. Turning to two of the other *Moore* factors, first, the amount of time that elapsed between the taking of the plea and the motion to withdraw it was not excessive. Below, the government claimed that over six months passed between the plea colloquy and the filing of the motion to withdraw the plea. J.A. 124. But it was not until after Mr. Smith fired his former counsel that he learned in late October 2023, from a different lawyer he spoke with about taking his case, that the statement of facts that he had signed was not the statement of facts that was filed. J.A. 72. Further, it was not until that December that he finally saw the full discovery in his case and reviewed with his new attorney. J.A. 139; J.A. 327. Thus, barely two months had passed between the time that Mr. Smith finally received the close assistance of competent counsel and the time that said counsel filed the motion to withdraw Mr. Smith's guilty plea.

Finally, the government argued, and the court concluded, that the government would be prejudiced if Mr. Smith was allowed to withdraw his guilty plea. The government claimed below that it would be prejudiced by potentially going to trial because it would have to recall its witnesses, some of whom would have to travel. J.A. 124. But shortly before trial, while the government had already filed its exhibit list and lodged the exhibits with the court, it had not filed its witness list. *See* J.A. 4;

J.A. 34.  Further, when opposing prior counsel's motion for a continuance of the trial date, the government made a very different argument:  that "[t]his not and has never been a complex or voluminous trial" (indeed, the government stated that it was "a one-day trial," J.A. 34) and that "[t]his case is neither complex or does it require additional time to prepare."  J.A. 35.  Moreover, the government stated at that time that it had only two witnesses who needed to travel.  J.A. 35.  In light of the government's own arguments, the district court abused its discretion in concluding that the government would be prejudiced because "they've got to do the whole thing over again, if the plea is withdrawn."  J.A. 297.

## **CONCLUSION**

For the reasons argued above, the Court must vacate Robert Smith's conviction and remand this case to the district court for further proceedings.

Respectfully submitted,

GEREMY C. KAMENS
Federal Public Defender
for the Eastern District of Virginia

s/  Frances H. Pratt

Frances H. Pratt
Valencia D. Roberts
Assistant Federal Public Defenders
Counsel for Appellant
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
Fran_Pratt@fd.org
Valencia_Roberts@fd.org

Dated October 31, 2024

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for appellant believe that the issues in this case are straightforward but would like the opportunity to present oral argument if the Court determines that argument would be helpful to it in deciding the case.

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief has been prepared using Microsoft Word for Office 365 software, Times New Roman font, 14-point proportional type size.

2.      EXCLUSIVE of the table of contents, table of authorities, signature block, statement with respect to oral argument, and this certificate of compliance, this brief contains no more than 13,000 words, specifically 6,195 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

| | |
|---|---|
| _____October 31, 2024_____ | _____s/   Frances H. Pratt_____ |
| Date | Frances H. Pratt |
| | Assistant Federal Public Defender |